23-596-cv
*Prepaid Ventures, Ltd. v. Compton*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

Present:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

_____

PREPAID VENTURES, LTD., PPV HOLDINGS, LLC, PPV MERCHANT SOLUTIONS, LLC DBA CAPX PAYMENTS,

> *Plaintiffs-Counter-Defendants-Appellants*,

> v.                                                                 23-596-cv

PAUL COMPTON, PABLO GARCIA, PROFITSTAT, LLC, CHRISTOPHER BENSON,

> *Defendants-Counter-Claimants-Appellees*,

ABC COMPANIES 1–10, JOHN AND JANE DOES I–V,

> *Defendants*.

_____

| | |
|---|---|
| For Plaintiffs-Counter-Defendants-Appellants: | James A. McGlynn, Law Office of James A. McGlynn, LLC, Bethpage, NY. |

For Defendants-Counter-Claimants-            No appearance.
Appellees:

Appellants Prepaid Ventures, Ltd., PPV Holdings, LLC, and PPV Merchant Solutions, LLC, d/b/a CapX Payments, appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *District Judge*; Roanne L. Mann, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Prepaid Ventures, Ltd., PPV Holdings, LLC, and PPV Merchant Solutions, LLC (d/b/a CapX Payments) appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *District Judge*) entered on March 31, 2023, granting in part and denying in part the Appellants' motion for a default judgment. The Appellants commenced this diversity action in 2018 against Paul Compton, Pablo Garcia, Christopher Benson (the "Individual Defendants"), and ProfitSTAT, LLC (together, "Appellees"), asserting thirteen claims, including breach of contract and unjust enrichment, arising from a failed business venture in merchant processing, which involves the facilitation of electronic payments. Although the Appellees initially appeared through counsel, their counsel later withdrew, and they did not hire new counsel. Following the withdrawal of their counsel, the Appellees repeatedly failed to respond to directives from the district court, prompting the court to enter notations of default against them in 2022. The Appellants subsequently moved for default judgment.

After rejecting the Appellants' first two default judgment motions as deficient, the district court referred the third such motion to the magistrate judge for a report and recommendation. On December 21, 2022, the magistrate judge recommended granting the Appellants' motion as to

liability only on behalf of CapX and only as to Counts One (breach of contract against ProfitSTAT), Two (breach of contract against Benson), Three (breach of fiduciary duty against the Individual Defendants), and Ten (unfair competition against the Individual Defendants); and dismissing all other claims, including all claims brought by Prepaid Ventures and PPV Holdings. *See Prepaid Ventures, Ltd. v. Compton*, No. 18-CV-2102 (DLI) (RLM), 2022 WL 18859053, at *23 (E.D.N.Y. Dec. 21, 2022), *report and recommendation adopted as modified*, 2023 WL 2662311 (E.D.N.Y. Mar. 28, 2023). Further, the magistrate judge recommended denying the Appellants' request for more than $125,000,000 in lost profits as "unduly speculative." *Id.* Finally, the magistrate judge recommended denying without prejudice CapX's request for approximately $595,000 in "amounts paid" to the Appellees in connection with the business venture, while granting CapX leave "to submit the documentation substantiating [such] payments . . . along with a supplemental declaration quantifying prejudgment interest on the same." *Id.* On March 28, 2023, the district court adopted the report and recommendation in all respects except that it denied the Appellants' request for amounts paid with prejudice.

The Appellants challenge the district court's order only as to the denial of damages. They raise two arguments: first, that the district court clearly erred in determining that they had not established an entitlement to damages, and second, that the district court abused its discretion in denying the Appellants' request for a hearing concerning the damages request. As set forth below, neither argument is persuasive. We assume the parties' familiarity with the case.

## I.      Damages Determination

Whether a party has established that it is "entitled to damages" is a question of fact that we review for clear error. *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 142 (2d Cir. 2016); *see also Bessemer Tr. Co. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) ("[T]he amount of

3

recoverable damages is a question of fact . . . that we review for clear error.").[1] We will find clear error only if, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *Arkansas Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 90 (2d Cir. 2023).

Here, the district court committed no error in concluding that the Appellants failed to prove that they were entitled to damages based on lost profits or amounts paid to the Appellees. With respect to the lost profits request, the Appellants were required to show that (1) the alleged lost profits were "fairly within the contemplation of the parties to the contract at the time it was made," (2) the defendant's breach caused the lost profits, and (3) such damages are "capable of proof with reasonable certainty." *Kenford Co. v. Cnty. of Erie*, 67 N.Y.2d 257, 261 (1986). Despite the magistrate judge's "repeated directions to [the Appellants] to produce adequate legal and factual bases for their [lost profits] demand," the Appellants "provided neither." *Prepaid Ventures*, 2022 WL 18859053, at *21. Although the Appellants submitted an expert report from a forensic accountant, that report "rest[ed] on various records that ha[d] not been furnished to the Court." *Id.* at 19. Moreover, the expert's projections were not based on "any objective evidence such as actual sales or independent market research"; instead, the report relied on "unsubstantiated assumptions regarding [CapX's] projected sales, expenses and profits." *Id.* at 19–20. Because those assumptions did not provide adequate proof of the lost profits, the magistrate judge determined that the Appellants could not recover such damages. *Id.* at 21. After a careful review of the record, the district court adopted this finding. The Appellants identify no specific error in this finding, and we discern none from the record.

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Nor did the district court err in its finding as to the request for amounts paid. The magistrate judge explained that "despite a directive from the Court to submit documents relevant to their [amounts paid] demand, [the Appellants] failed to do so, relying instead on their expert's summary of the contents of those materials." *Prepaid Ventures*, 2022 WL 18859053, at \*22. Although the magistrate judge recommended that the district court give the Appellants "one *final* opportunity to substantiate its calculation" of the amounts paid to the Appellees, *id.*, the district court declined to do so, notwithstanding that the Appellants submitted in response to the magistrate's recommendation "a voluminous set of exhibits consisting of receipts, bank statements, and other supporting records," SPA 13. The district court stated that the Appellants "d[id] not offer any explanation, let alone a compelling explanation, as to why they failed to submit the Supporting Documentation to the magistrate judge, nor c[ould] the Court discern any legitimate justification whatsoever." *Id.* (internal quotation marks omitted). The district court therefore concluded that these materials were "not properly before" it and refused to consider them. *Id.* The Appellants contend that the district court "overlooked" these late submissions, Appellants' Br. 6, but the district court had no obligation to consider them, *see Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). Accordingly, the district court did not abuse its discretion in disallowing the Appellants' attempt to supplement the record, *see id.*, and it did not clearly err in finding that, based on the existing record, the Appellants had not substantiated their request for amounts paid.

## II.     Denial of a Damages Hearing

"We review a district court's denial of an evidentiary hearing for abuse of discretion." *United States v. Walters*, 910 F.3d 11, 22 (2d Cir. 2018). "The district court abuses its discretion if it applies legal standards incorrectly, relies on clearly erroneous findings of fact, or proceeds on the basis of an erroneous view of the applicable law." *CSX Transp., Inc. v. Island Rail Terminal,*

*Inc.*, 879 F.3d 462, 467 (2d Cir. 2018). The record here shows that the district court acted well within its discretion in denying the Appellants' request for a hearing concerning their damages request. The Appellants had "filed multiple inadequate supplements to their motion, ha[d] not described how they would cure the deficiencies in their submissions, and [we]re not 'entitled to an advisory opinion from the Court informing [them] of the deficiencies of the [damages request] and then an opportunity to cure those deficiencies.'" SPA 20 (quoting *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 318 (S.D.N.Y. 2005), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007)). Moreover, as the district court reasoned, "granting [the Appellants'] request would turn the proceeding before the magistrate judge into an inappropriate trial run for [the Appellants'] deficient submissions." *Id.* The magistrate judge gave the Appellants several opportunities to substantiate their damages requests, but the Appellants failed to seize those opportunities. On this record, they have no colorable argument that they deserved yet another chance to carry their burden.

* * *

We have considered the Appellants' remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6